■　CAMILLE WEISNER, Respondent, v. SIDNEY WEISNER, Appellant.— Order, entered on October 24, 1963, unanimously reversed and vacated, upon the law and the facts and in the exercise of discretion, with $20 costs and disbursements to defendant and the motion of plaintiff in all respects denied, with $10 costs. In 1961, plaintiff instituted two actions for separate maintenance, one after the other, but such actions were voluntarily discontinued. Then, this action for separation was started in November, 1962, while the plaintiff was still living in

the family home. Thereafter, she moved from the family home and we have had four previous appeals from orders rendered herein on pretrial motions by her. (See 18 A D 2d 997, 19 A D 2d 515, 19 A D 2d 598, 19 A D 2d 788.) By order rendered May 7, 1963, this court modified an order of Special Term to strike out an award of temporary alimony, saying that on "the record here, there is insufficient showing of a probability of plaintiff's success in the action; and, in any event, it appears that she is possessed of independent and sufficient means for her support pending the trial of the action." (See 19 A D 2d 515.) By order rendered September 26, 1963, we reversed Special Term order which directed defendant to pay additional sums on account of Summer camp expenses of the children of the marriage, this court saying that its prior award "was intended to provide in full for the support of the children pending the trial of the action * * *. The plaintiff should press for an early trial." (See 19 A D 2d 788.) Now, by order entered October 24, 1963, Special Term has directed defendant to deliver to the plaintiff certain items of furniture, to be held in escrow pending the trial of the action, and has also directed that defendant pay to plaintiff $470 a month as plaintiff's proportionate share of rental value of the co-operative apartment home owned by the parties jointly or in common and now occupied by defendant since she moved out. The plaintiff made no satisfactory showing, however, that the plaintiff is entitled to the furniture sought or that there is any pressing need that she and her children have the same at this time. Furthermore, there exist substantial issues as to the plaintiff's right to require defendant to pay rental for her alleged one-half interest in the co-operative apartment and as to the reasonable value thereof. All these matters should await the trial for disposition (see Domestic Relations Law, §§ 234, 236) and we repeat that plaintiff "should press for an early trial." Concur — Botein, P. J., Valente, McNally, Eager and Bastow, JJ.